IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,248-01




EX PARTE JOHN SALINAS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. D-1-DC-11-302213-A IN THE 147TH DISTRICT COURT
FROM TRAVIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery and was sentenced to twenty-two years’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things,


 that his trial counsel rendered ineffective assistance
because counsel failed to investigate, failed to explain Applicant’s options to him, and disregarded
information that Applicant might not be competent to stand trial or enter a plea. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims of ineffective assistance of counsel. 
Counsel shall state what investigation, if any, he performed, what advice he gave Applicant with
respect to Applicant’s options, and whether he received information from any source to indicate that
Applicant might not be competent to stand trial or enter a plea. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: May 7, 2014
Do not publish